UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARLIN BORMAN, ET AL.                                CIVIL ACTION

VERSUS                                               NO: 17-11720

SHAMROCK ENERGY                                      SECTION: "J" (1)
SOLUTIONS, LLC, ET AL.

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 19)** filed by Third-Party Defendants, Linear Controls, Inc. ("Linear") and First Mercury Insurance Company ("First Mercury") (collectively "Defendants"), Third-Party Plaintiff Shamrock Energy Solutions, LLC's ("Shamrock") opposition **(Rec. Doc. 22)**, Defendants' reply **(Rec. Doc. 27)**, and Shamrock's sur-reply **(Rec. Doc. 28)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This litigation arises from personal injuries allegedly sustained by Plaintiff Garlin Borman ("Plaintiff Borman")—a Linear employee—on or about October 24, 2016 while he was working on an offshore platform located on the Outer Continental Shelf at Eugene Island Block 189, off the coast of Louisiana and owned by Defendant Fieldwood Energy ("Fieldwood"). Shamrock also had employees working at the Fieldwood platform on the date of the incident. At the time of the incident, Fieldwood

1

and Shamrock had in full force and effect a Master Services Contract ("MSC") dated November 1, 2013, pursuant to which Shamrock provided personnel to work at Fieldwood's locations, including Eugene Island. Likewise, Linear and Fieldwood had in full force and effect a MSC also dated November 1, 2013. Linear was insured by First Mercury under a policy or policies in effect on the date of the incident.

On October 15, 2017, Plaintiff Borman filed suit in state court against Shamrock, Shamrock's employee Bobby Barrow ("Mr. Barrow"), and Fieldwood alleging negligence. The case was timely removed to federal court. Shamrock subsequently filed a Third-Party Complaint against Linear and its insurer, First Mercury, alleging that Linear is obligated to defend, indemnify, and provide insurance coverage to Shamrock and Mr. Barrow with respect to the claims asserted by Plaintiff Borman pursuant to the terms of the Linear/Fieldwood MSC. Shamrock asserted further that Shamrock and Mr. Barrow are entitled to additional insured status under the insurance policy issued by First Mercury to Linear. On May 11, 2018, Linear and First Mercury filed a motion to dismiss Shamrock's Third-Party Complaint pursuant to Rule 12(b)(6), which Shamrock opposes.

## PARTIES' ARGUMENTS

Defendants argue that all claims asserted in Shamrock's Third-Party Complaint against them should be dismissed because the pleadings, contracts, and insurance policy demonstrate that Shamrock cannot and has not stated a claim for relief against Linear or First Mercury. (Rec. Doc. 19-1 at 6). Defendants first argue that Shamrock has not sufficiently pled a cause of action against Linear for

2

contractual defense and indemnity because the Louisiana Oilfield Indemnity Act[1] ("LOIA") prohibits indemnification of a party for its own negligence, rendering the indemnity agreements contained in the MSCs at issue invalid and unenforceable. (Rec. Doc. 19-1 at 6).

Defendants next argue that Shamrock has failed to plead sufficient facts to show that it or Mr. Barrow is entitled to additional insured status under the Policy issued to Linear by First Mercury. (Rec. Doc. 19-1 at 6). Defendants contend that the Fifth Circuit has consistently held that "contractual provisions requiring a contractor to extend insurance coverage to cover a principal's negligent act are void under the LOIA because such insurance arrangements frustrate its purpose." (Rec. Doc. 19-1 at 6, 7). For this reason, Defendants argue that the insurance provisions in the MSCs at issue are void. (Rec. Doc. 19-1 at 7). Defendants note that Shamrock and Mr. Barrow would be entitled to coverage only upon payment of a *Marcel* premium to First Mercury for additional insured benefits. (Rec. Doc. 19-1 at 7). Defendants argue that under the narrow exception to the anti-indemnity provisions of the LOIA, Fieldwood's payment of a *Marcel* premium does not extend coverage to Shamrock and Mr. Barrow. (Rec. Doc. 19-1 at 7). Defendants argue further that the Linear/Fieldwood MSC does not require Linear to name Third-Party Contractors like Shamrock or members of Third-Party Contractor Groups like Mr. Barrow as additional insureds. (Rec. Doc. 19-1 at 8). Based on the foregoing, Defendants

---

[1] Defendants assert that Louisiana law governs pursuant to the Outer Continental Shelf Lands Act because the accident at issue involving drilling operations occurred on a fixed platform on the Outer Continental Shelf at Eugene Island Block 189 off the coast of Louisiana. (Rec. Doc. 19-1 at 6).

conclude that insurance coverage is not owed directly to Shamrock or Mr. Barrow. (Rec. Doc. 19-1 at 8).

Shamrock raises three arguments in opposition to the motion to dismiss. (Rec. Doc. 22). First, Shamrock asserts that the LOIA does not invalidate Shamrock's entitlement to defense, indemnity, and additional insured status from Defendants because Fieldwood—the principal—paid the *Marcel* premium to have insurance coverage extend to Linear's indemnity obligations incurred under the Linear/Fieldwood MSC. (Rec. Doc. 22 at 1, 2). Thus, the cost of insuring the indemnitees under the contract was not borne by the contractor, Linear. (Rec. Doc. 22 at 1-2). Shamrock argues that, contrary to Defendants' assertion, *Marcel* does not require that the indemnitee seeking indemnity—here, Shamrock and Mr. Barrow—pay a premium separately from that paid by the principal. (Rec. Doc. 22 at 8). Shamrock argues that because Fieldwood paid the premium and no part of the economic burden of liability or insurance was shifted to Linear, finding that Fieldwood's premium payment to First Mercury extended Linear's insurance coverage to Shamrock and Mr. Barrow does not contravene the LOIA's purpose. (Rec. Doc. 22 at 9). While Shamrock acknowledges that no case is directly on point, it asserts that "application of the *Marcel* exception under the circumstances of this case is supported by the purpose of the LOIA . . . and also finds other support in the jurisprudence." (Rec. Doc. 22 at 9). Shamrock also emphasizes that Exhibit E to the Linear/Fieldwood MSC specifically provided that the premium for extending Linear's

4

insurance coverage to cover Linear's contractual indemnity obligations under the MSC would be paid by Fieldwood alone. (Rec. Doc. 22 at 13).

Second, Shamrock argues that dismissal of Shamrock's Third-Party Complaint on the basis of the LOIA would be premature because the statute only invalidates contractual provisions requiring indemnification of an indemnitee against loss resulting from the indemnitee's own negligence, and no determination of Shamrock's negligence has yet been made. (Rec. Doc. 22 at 2). Thus, Shamrock contends that the applicability of the LOIA to the instant case must await a trial on the merits. (Rec. Doc. 22 at 15).

Finally, Shamrock challenges Defendants' assertion that First Mercury does not owe coverage directly to Shamrock or Mr. Barrow because the insurance provisions regarding Third-Party Contractors in the Linear/Fieldwood MSC are not identical to the provision requiring Linear to name Fieldwood as an additional insured. (Rec. Doc. 22 at 16). Shamrock argues that pursuant to Article 13(f) (i), (ii), and (iii) of the Linear/Fieldwood MSC, Linear undertook defense and indemnity obligations to Fieldwood's Third-Party Contractors (like Shamrock) and members of Third-Party Contractor Groups (like Mr. Barrow). (Rec. Doc. 22 at 16). Additionally, Linear agreed that the contractual provisions were intended to create a third-party beneficiary obligation of Contractor (Linear) in favor of such other Third-Party Contractor(s) (and any such Third-Party Contractor Group) where the Third-Party Contractor has included in its own contract with Fieldwood reciprocal indemnity, insurance, and waiver conditions. (Rec. Doc. 22 at 16-17). Accordingly, Shamrock

argues that "Shamrock and Barrow, as third-party beneficiaries of the insurance provisions at issue, are entitled to additional insured status under the insurance policy issued to Linear pursuant to the policy's Additional Insured Endorsement." (Rec. Doc. 22 at 17). Shamrock further argues that to the extent Shamrock is entitled to assert a claim for defense and indemnity against Linear, Shamrock is likewise entitled to assert such a claim in a direct action against First Mercury, as the exclusions in the First Mercury policy do not apply to an "insured contract" like the one at issue. (Rec. Doc. 22 at 17).

In reply, Defendants re-assert that the *Marcel* exception to the LOIA has never been extended to apply to third parties to the payment of the premium. (Rec. Doc. 27 at 2). Defendants cite Louisiana jurisprudence in support of the argument that any attempt to derogate from the LOIA by contract renders the affected provisions null. (Rec. Doc. 27 at 3-4). Defendants also note that the Louisiana First Circuit Court of Appeal "has recognized that the Marcel exception does not extend to third party beneficiaries of a contract," as allowing such a claim would frustrate the purpose of LOIA. (Rec. Doc. 27 at 4). Thus, Defendants conclude that because the "liability-shifting indemnity and insurance agreements contained in the MSCs are subject to the LOIA and are clearly invalid and unenforceable," Shamrock has not pleaded a claim against Linear for contractual defense and indemnity or for additional insured status. (Rec. Doc. 27 at 4).

In its sur-reply, Shamrock first emphasizes that the *Marcel* exception to the LOIA "embodies a recognition that in the case of a contractual insurance agreement

6

whereby the independent contractor does not pay for the insurance to cover the indemnity obligation, 'no shifting occurs,'" and, therefore, the purpose of the LOIA is not frustrated. (Rec. Doc. 28 at 2). Given that Fieldwood—not Linear—paid the *Marcel* premium in this case, Shamrock argues that the insurance agreement at issue does not frustrate or circumvent the provisions of the LOIA. (Rec. Doc. 28 at 2). Shamrock asserts that allowing a contractor and its insurer to avoid contractual defense and indemnity obligations where the premium has been paid in full by the principal would constitute "an unfair windfall to the contractor and its insurer." (Rec. Doc. 28 at 2-3).

Next, Shamrock contends that the Louisiana First Circuit's decision in *Jefferson* is not dispositive because the language upon which Defendants rely is dicta and, in any event, the intermediate court's ruling is not binding on this Court. (Rec. Doc. 38 at 3-4). Shamrock emphasizes that even if this Court finds that the scenario at issue does not fall squarely within the *Marcel* exception, "the Louisiana Supreme Court, if faced with this issue, would find that enforcing Linear's obligation to defend and indemnify Shamrock under the facts of this case would not run afoul of the LOIA." (Rec. Doc. 28 at 4-5).

Finally, Shamrock argues that even if this Court finds the *Marcel* exception is inapplicable in this case, dismissal of Shamrock's Third-Party Complaint based on application of the LOIA would be premature until a determination has been made regarding whether Shamrock was negligent in this case. (Rec. Doc. 28 at 5). Only if

Shamrock was negligent would the LOIA prohibit enforcement of Defendants' contractual obligations. (Rec. Doc. 28 at 5).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## **DISCUSSION**

On the instant motion, the parties agree that (1) Plaintiff Borman is a member of the Contractor Group under the Linear/Fieldwood MSC; (2) Shamrock is a Third-Party Contractor under the Linear/Fieldwood MSC; (3) Mr. Barrow is a member of the Third-Party Contractor Group under the Linear/Fieldwood MSC; and (4) Linear is a Third-Party Contractor under the Shamrock/Fieldwood MSC. (Rec. Doc. 15 at 5). Moreover, there is no dispute that the Linear/Fieldwood MSC and the Shamrock/Fieldwood MSC contain identical language in Articles 13(f) (i), (ii), and (iii) requiring the Contractor (Linear or Shamrock) to indemnify Fieldwood's Third-Party Contractors and Third-Party Contractor Group as specified in the MSC. Specifically, section (i) of the Linear/Fieldwood MSC provides that where Fieldwood's Third-Party Contractors execute cross indemnification and waivers substantially similar to those contained in Section 13(f)—as Shamrock did here—Linear "agrees to release, indemnify, protect, defend and hold harmless such other Third-Party Contractor(s) (and any such Third-Party Contractor Group) from and against any and all claims for (1) the injury, illness or death of any members of Contractor Group . . . without regard to whether any such claim is caused, in whole or in part, by the negligence . . . of any member of the Third-Party Contractor Group . . . ." (*See* Rec. Doc. 15-1, Exhibit D). The MSC goes on to provide that the parties to the contract "intend to create a Third-Party beneficiary obligation of Contractor in favor of such other Third-Party

9

Contractor(s) (and any such Third-Party Contractor Group) that have included reciprocal cross indemnity, insurance support and waiver provisions in their respective contracts with Company . . . ." (*See* Rec. Doc. 15-1, Exhibit D). Thus, the only way that Defendants are not obligated to defend, indemnify and hold harmless Shamrock and Mr. Barrow in the instant litigation commenced by Plaintiff Borman is if the abovementioned provisions are unenforceable.

The Louisiana Oilfield Indemnity Act ("LOIA") provides, in pertinent part:

> B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, *is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either*, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, *which is caused by or results from the sole or concurrent negligence or fault (strict liability)* of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.
>
> . . .
>
> G. Any provision in any agreement arising out of the operations, services, or activities listed [in the statute] which requires waivers of subrogation, additional named insured endorsements, or any other form of insurance protection which would frustrate or circumvent the prohibitions of this Section shall be null and void and of no force and effect.

La. Rev. Stat. § 9:2780(B), (G) (emphasis added).

However, in *Marcel v. Placid Oil Company*, the Fifth Circuit recognized a narrow exception to the nullifying effect of the LOIA that is triggered where the principal pays for or obligates itself to pay for the cost of obtaining the insurance coverage. *See Marcel v. Placid Oil Co.*, 11 F.3d 563, 569 (5th Cir. 1994). The Fifth Circuit emphasized that "the exception does not apply if any material part of the cost

of insuring the indemnitee is borne by the independent contractor procuring the insurance coverage." *Id.* at 570.

The parties in this case argue at length over whether the *Marcel* exception encompasses the scenario where the insurance premium is paid not by the contractor, but by the principal in favor of a third-party indemnitee. However, it is not necessary for the Court to reach that issue at this time. The Court finds that dismissal of the claims asserted against Defendants in Shamrock's Third-Party Complaint on the basis of the LOIA must be denied because it is premature.

In *Meloy v. Conoco Incorporated*, the United States Court of Appeals for the Fifth Circuit certified questions to the Louisiana Supreme Court concerning an indemnity agreement between an oil company and a contractor. 504 So. 2d 833, 835 (La. 1987). In holding that the LOIA nullifies entirely any contractual provision requiring indemnification where there is negligence or fault on the part of the indemnitee, the court emphasized that the LOIA, however, "does not apply where the indemnitee is not negligent or at fault." *Id.* at 839. The court held that whether an indemnitee "is free from fault and thus outside the scope of the [LOIA] can only be determined *after* trial on the merits." *Id.* (emphasis added). In the case at hand, there has not yet been a determination regarding whether Shamrock was negligent or at fault (strict liability) for Plaintiff Borman's injuries. Accordingly, this Court cannot determine the enforceability of Defendants' defense and indemnity obligations to Shamrock and Mr. Barrow under the Linear/Fieldwood MSC at this time.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendants' *Motion to Dismiss* **(Rec. Doc. 19)** is **DENIED**.

New Orleans, Louisiana, this 19th day of February, 2019.

      CARL J. BARBIER
      UNITED STATES DISTRICT JUDGE