UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARLIN BORMAN | CIVIL ACTION |
| VERSUS | No.: 17-11720 |
| SHAMROCK ENERGY SOLUTIONS, LLC., et al. | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 61)** filed by Third-Party Plaintiff Shamrock Energy Solutions, LLC ("Shamrock"), an opposition thereto (Rec. Doc. 65) by Third-Party Defendants, Linear Controls, Inc. ("Linear") and First Mercury Insurance Company ("First Mercury") (collectively "Defendants"), and Shamrock's reply (Rec. Doc. 68) to Defendants' opposition. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from personal injuries allegedly sustained by Plaintiff Garlin Borman ("Plaintiff Borman")—a Linear employee—on or about October 24, 2016 while he was working on an offshore platform located on the Outer Continental Shelf at Eugene Island Block 189, off the coast of Louisiana and owned by Defendant Fieldwood Energy ("Fieldwood"). Shamrock also had employees working at the Fieldwood platform on the date of the incident. At the time of the incident, Fieldwood and Shamrock had in full force and effect a Master Services

Contract ("MSC") dated November 1, 2013, pursuant to which Shamrock provided personnel to work at Fieldwood's locations, including Eugene Island. Likewise, Linear and Fieldwood had in full force and effect a MSC ("Linear MSC") also dated November 1, 2013. Linear was insured by First Mercury under a policy or policies in effect on the date of the incident. On October 13, 2016, Linear's insurance broker, Howard Risk Advisors, sent Fieldwood an invoice for $22,429.00 for *Marcel* coverage, which Fieldwood paid on October 20, 2016.

On October 15, 2017, Plaintiff Borman filed suit in state court against Shamrock, Shamrock's employee Bobby Barrow and Fieldwood alleging negligence. The case was timely removed to federal court. Shamrock subsequently filed a Third-Party Complaint against Defendants, alleging that Linear is obligated to defend, indemnify, and provide insurance coverage to Shamrock and Mr. Barrow with respect to the claims asserted by Plaintiff Borman pursuant to the terms of the Linear/Fieldwood MSC. Shamrock asserted further that Shamrock and Mr. Barrow are entitled to additional insured status under the insurance policy issued by First Mercury to Linear.

On May 11, 2018, Defendants filed a motion to dismiss Shamrock's Third-Party Complaint pursuant to Rule 12(b)(6), which Shamrock opposed. On February 19, 2019, the Court issued its Order & Reasons denying Defendants' Motion to Dismiss. (Rec. Doc. 41). On March 19, 2019 Plaintiff Borman dismissed his claims against Mr. Barrow. On August 13, 2019, Shamrock filed the instant Motion for Summary Judgment ("MSJ") alleging that Defendants are obligated to defend and indemnify

Shamrock from Plaintiff Borman's claims in the original suit. Defendants oppose the MSJ, arguing that it is premature and that there exists a genuine dispute of material fact as to whether Shamrock is an "invitee" according to the terms of the Linear MSC.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citations omitted). The nonmoving party can then defeat the motion by either

3

countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

The issue here is whether Shamrock, as a third-party contractor employed to perform work on Fieldwood's offshore platform, is entitled to benefit from Fieldwood's payment of a *Marcel* premium to Linear. Resolving said issue requires the Court to answer two questions of law: (1) in the absence of a clear definition of the term "invitee" in a MSC, is a third-party contractor employed to work on a company's off-shore platform an "invitee," and thus considered part of the company's Company Group for insurance indemnification purposes; and (2) can a third-party contractor falling within the Company Group benefit from the company's payment of a *Marcel* premium? The Court answers both questions in the affirmative.

I. **SHAMROCK'S MSJ IS NOT PREMATURE AND THERE ARE NO GENUINE ISSUES OF MATERIAL FACT**

In denying Defendants' Motion to Dismiss, this Court concluded after an analysis of the relatively convoluted contractual interplay between the parties that "[t]he only way that Defendants are not obligated to defend, indemnify and hold harmless Shamrock and Mr. Barrow in the instant litigation commenced by Plaintiff Borman is if the abovementioned provisions are unenforceable." (Rec. Doc. 41). As discussed in more detail in the Court's aforementioned denial, the Louisiana Oilfield Indemnity Act ("LOIA") renders unenforceable indemnity clauses that purport to indemnify the indemnitee from liability incurred through the indemnitee's negligence or fault. La. Rev. Stat. § 9:2780(B), (G).

There is no dispute that the indemnity provision here falls within the LOIA's purview. Rather, the question at issue is whether the *Marcel* Exception to the LOIA applies and provides Shamrock with the indemnity it seeks. In *Marcel*, the Fifth Circuit recognized a narrow exception to the nullifying effect of the LOIA when the principal pays for or obligates itself to pay for the cost of the indemnitor obtaining the insurance coverage. *See Marcel v. Placid Oil Co.*, 11 F.3d 563, 569 (5th Cir. 1994). The Fifth Circuit emphasized that "the exception does not apply if any material part of the cost of insuring the indemnitee is borne by the independent contractor procuring the insurance coverage." *Id.* at 570.

Here, however, it is undisputed that Shamrock did not pay Linear a *Marcel* premium.[1] Rather, Shamrock argues they are entitled to benefit from the *Marcel* premium Fieldwood paid Linear.[2] When briefing Defendants' Motion to Dismiss, both parties argued at length over whether the *Marcel* Exception encompasses the scenario where the insurance premium is paid not by the indemnitee, but by the principal in favor of a third-party indemnitee.[3] Instead of addressing that unsettled question of law, the Court denied Defendant's motion under the *Meloy* doctrine, which states that the LOIA can only be applied to an indemnity provision after a trial on the merits has been held to determine whether the indemnitee was in fact negligent or at fault. *Meloy v. Conoco Incorporated*, 504 So. 2d 833, 835 (La. 1987). Because a trial on the merits in Plaintiff-Borman's original suit determining Shamrock's potential negligence or fault had not occurred at the time of Defendants' Motion to Dismiss, the motion was denied for being premature.

Contrary to Defendants' assertions, the *Meloy* standard does not apply equally to indemnitees and indemnitors. Only a motion by the indemnitor asking the Court to invoke the LOIA and nullify the contractual indemnity provision is premature, because its success or failure is dependent on the existence of indemnitee's fault or negligence. *See Meloy* 504 So. 2d 833. Shamrock's motion suffers from no such temporal deficiency, because it asks the Court to find the LOIA inapplicable. If the

---

[1] A *Marcel* premium refers to the cost of the indemnitor adding the indemnitee as an additional insured on its insurance policy.
[2] The existence of Fieldwood's *Marcel* premium is also undisputed.
[3] For the sake of the rest of the order, particularly when this case is analogized to others, it may help to clearly establish the roles the respective parties in the present case play in the *Marcel* analysis. Fieldwood is the principal or company. Shamrock is the third-party contractor or indemnitee. Linear is the indemnitor.

LOIA is inapplicable, then the existence of Shamrock's negligence or fault is irrelevant, because Defendants must indemnify it regardless.

Defendants' claim of a genuine dispute of material fact is similarly inapposite. The following facts are not in dispute: (1) the language of the two MSC's, (2) the nature and location of the work Shamrock was performing for Fieldwood, (3) Fieldwood's *Marcel* payment to Linear. These are the only facts necessary to decide the issues raised by the parties' memoranda. Furthermore, the issue Defendant most strenuously attempts to frame as a genuine issue of material fact, whether Shamrock is an invitee according to the relevant provisions of the Linear MSC, is an issue consistently handled by courts at the summary judgment stage. *See Alex v. Wild Control, Inc.*, No. 07-9183, 2009 WL 2599782 (E.D. La. Aug. 2009); *Reynaud v. Rowan Companies, Inc.*, No. 98-1326, 1999 WL 65022 (E.D. La. Feb. 1999); *Clayton Williams Energy, Inc. v. National Union Fire Insurance Company of Louisiana*, No. 03-2980, 2004 WL 2452780 (E.D. La. Nov. 2004). Therefore, the issues presented by Shamrock are properly in front of the Court. Considering Defendants' adoption by reference pursuant to Rule 10(c) of their memorandums in support of their Motion to Dismiss, the Court will take into account Defendants' relevant arguments contained therein.

## II. SHAMROCK IS AN INVITEE OF FIELDWOOD UNDER THE MSC

Shamrock argues that it is entitled to benefit from Fieldwood's *Marcel* premium as a member of both Linear MSC's "Third-Party Contractor Group" and "Company Group." (Rec. Doc. 61-3). Both parties agree Shamrock is a member of the "Third-Party Contractor Group," but Defendants dispute that Shamrock is a Fieldwood

7

invitee, and thus a member of the Company Group. The distinction matters because Shamrock's claim that Fieldwood's *Marcel* payment was intended to benefit Shamrock is stronger if Shamrock is a member of Fieldwood's Company Group. *See Durr v. GOL, LLC*, No. 18-3742 2019 WL 2330429 (E.D. La. May 2019); *see also B. J. Services Co., USA v. Thompson*, No. 08-510, 2010 WL 2024725 (W.D. La. May 2010).

The Company Group is defined as "[Fieldwood] and its parent, affiliates and subsidiary companies, co-lessees, co-owners, partners, joint venturers, together with its and all of their respective officers, directors, employees, in-house legal counsel, agents, representatives, insurers and *invitees*." *Id.* (emphasis added). Shamrock's inclusion in the Company Group therefore hinges on the definition of an invitee, but the Linear MSC does not define "invitee." *Id.*

When a contract fails to include a clear definition of "invitee," courts utilize the definition elucidated in *Blanks v. Murco Drilling Corporation*, which defined an invitee as "a person who goes onto premises with the expressed or implied invitation of the occupant, on business of the occupant for their mutual advantage." *Brown v. Sea Mar Mgmt., LLC*, 288 F. App'x 922, 924 (5th Cir. 2008) (quoting *Blanks v. Murco Drilling Corp.*, 766 F.2d 891, 894 (5th Cir. 1985)). Here, Shamrock's employees were expressly invited onto the platform by Fieldwood for the mutual benefit of both companies. *See Durr v.* 2019 WL 2330429. Thus, Shamrock clearly satisfies the *Blanks* definition of an invitee.

Defendants attempt to circumvent *Blanks* by claiming the Linear MSC implicitly defines "invitee" by including a separate Third-Party Contractor definition

8

that Shamrock fulfills (Rec. Doc. 61-3). Although Defendants are correct that a clear definition of "invitee" in the Linear MSC would supersede the *Blanks* definition, the Court is not persuaded such a definition exists.

There is nothing in the language of the Linear MSC that indicates Shamrock cannot be both a Third-Party Contractor and an invitee. Defendants have cited no case where a court has refused to apply the *Blanks* test merely because a potential invitee satisfied another definition in a contract. On the contrary, there is ample support for Shamrock's proposition that a contractually defined contractor or subcontractor can also be an invitee. *See Mills v. Zapata Drilling Co., Inc.*, 722 F.2d 1170 (5th. Cir. 1983) (stating it is common knowledge that "one may be an invitee and a contractor simultaneously with the same person); *see also Reynaud*, 1999 WL 65022 *3 (holding that a subcontractor who met the definition of the term "Operator's Personnel" was also an invitee); *Clayton*, 2004 WL 24552780 (holding the term "invitees" not mutually exclusive with contractor or subcontractor, rather invitees is simply a broad term that can include contractors and subcontractors unless explicitly stated otherwise); *Alex*, 2009 WL 2599782 (holding that in order to prevent contractors and subcontractors from being considered invitees the contract must expressly say so).

The Court finds the decision in *Durr v. GOL, LLC* particularly instructive. 2019 WL 2330429. In *Durr*, another judge of this Court had occasion to interpret the rights of a third-party contractor, Wood Group, sued by a Linear employee while the employee worked on an off-shore platform owned by Fieldwood and subject to the

9

Linear MSC. After analyzing the same Linear MSC that is before the Court in the instant case and applying the *Blanks* test, the *Durr* court determined that Wood Group was an invitee as well as a third-party contractor, and thus part of both the Third-Party Contractor Group and Fieldwood's Company Group.[4] For the foregoing reasons, the Court finds that Shamrock is an invitee according to the unambiguous language of the Linear MSC, and thus a member of Fieldwood's Company Group.

### III. SHAMROCK FALLS UNDER THE MARCEL EXCEPTION TO THE LOIA BECAUSE OF FIELDWOOD'S PREMIUM

The Court next turns its attention to the application of the *Marcel* Exception to Shamrock's indemnity claim. The *Marcel* Exception is an exception to the LOIA that was initially recognized by a district court in *Patterson v. Conoco, Inc.*, 670 F. Supp. 182 (W.D. La. 1987) and subsequently adopted by the Fifth Circuit in *Marcel.* 11 F.3d 563 at 569. The question of whether the *Marcel* Exception covers Shamrock in this case is one of Louisiana law. In evaluating issues of state law, the Court "look[s] to the decisions of the state's highest court." *In re Franchise Services of North America, Inc.*, 891 F.3d 198 (5th. Cir. 2018) (citing *Temple v. McCall,* 720 F.3d 301, 307 (5th. Cir. 2013). If the state's highest court has yet to address the issue, the Court is required to "make an 'Erie guess' as to how the state's highest court would resolve

---

[4] Although not raised by Defendants here, Durr also addresses the potential argument that the Fifth Circuit's decision in Knox v. Rec Marine Logistics, L.L.C., 716 F.Appx. 370, 372 (5th.Cir, 2018), restricted the definition of invitees to entities that are part of a parent companies' corporate structure. The Fifth Circuit's decision in Knox never mentioned the term "corporate structure." The corporate structure argument was merely one of two reasons the district court in Knox found that Rec Marine was not an invitee. The other was that Rec Marine was never invited aboard the off-shore platform. Rather, all of Rec Marine's mutually beneficial work took place in the Gulf of Mexico, and the district court expressed hesitation in calling the Gulf of Mexico a "premises" that a person could "occupy" according to the Blanks test. This is the rationale the Fifth Circuit highlighted when upholding the decision. Thus, the only proposition Knox stands for is that an invitee cannot be "invited" to perform work in the Gulf of Mexico. As Shamrock was invited aboard the actual platform, Knox has no bearing here.

the issue." *Id.* "In making an Erie guess in the absence of a ruling from the state's highest court, this Court may look to the decisions of intermediate appellate state courts for guidance." *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th. Cir. 2000). Although the Court is not strictly bound by the interpretations of Louisiana's lower courts, the Court is "guided by decisions rendered by the Louisiana appellate courts, particularly when numerous decisions are in accord on a given issue." *Boyett v. Redland Ins. Co.*, 741 F.3d. 604. (5th. Cir. 2014).

Neither the Louisiana Supreme Court nor the Fifth Circuit has ever directly addressed whether a third-party contractor within a Company Group is entitled to indemnity under the *Marcel* Exception when the principal, not the third-party contractor, pays the *Marcel* premium. Nevertheless, a review of *Marcel* cases within the Fifth Circuit makes clear that the underlying rationale of the *Marcel* Exception is to encourage the acquisition of insurance for accidents occurring on offshore platforms, while simultaneously avoiding shifting the economic burden of acquiring said insurance to faultless indemnitors. *See Patterson*, 670 F. Supp. 184 ("In fact, the acquisition of liability insurance by Dupont is an exercise which should be applauded, not thwarted."); *Marcel*, 11 F.3d 569-70 ("The LOIA is aimed at preventing the shifting of the economic burden of insurance coverage or liability onto an independent contractor. If the principal pays for its own liability coverage, however, no shifting occurs. We see no need to prevent such an arrangement in order to give effect to the LOIA. Indeed, agreements such as the one in *Patterson* may be economically desirable.") *Rogers v. Samedan Oil Corp.*, 308 F.3d 477, 482 (5th. Cir. 2002) (holding

11

that "no material part of the costs insuring [indemnitee] was born by [indemnitor]. Thus, the [indemnity provisions] fall within the purview of the *Marcel* Exception, and, consequently, do not violate the LOIA."); *Hodgen v. Forest Oil Corp*, 87 F.3d 1512 (5th. Cir. 1996) (denying a request by a third-party contractor to uphold the indemnity provisions of a contract because the indemnitor "payed all of the premiums in full," not because the indemnitee was not entitled to *Marcel* protection as a third-party.)

In addition to the implicit support from the Fifth Circuit, Shamrock's position is buttressed by district court decisions within the Fifth Circuit that are directly on point. In *B. J. Services Co., USA v. Thompson*, third-party plaintiff Excalibur Technology Corporation sought enforcement of an indemnity provision when an employee of B.J. Services brought suit against Excalibur. 2010 WL 2024725. Excalibur was performing third-party contract work for Conn Energy, and Conn Energy had a MSC with BJ Services in which BJ Services agreed to indemnify every member of Conn's Company Group, including Excalibur. In return, Conn was to pay a *Marcel* premium sufficient to cover every member of the Company Group. The court in *B.J. Services* held, "BJ Services was obligated to provide insurance coverage to Conn's subcontractors, yet failed to do so. The cost of the premiums of the additional insureds was to be passed on to Conn's. Thus, the indemnity provision falls within the exception created by *Patterson/Marcel*." *Id.* at 8*. *B. J. Services* is an unambiguous example of a court upholding a contractual indemnity arrangement

under the LOIA where the principal, Conn, pays the Marcel premium to the indemnitor, B.J. Services, for the benefit of the third-party indemnitee, Excalibur. *Id.*

In *Durr v. GOL, LLC*, discussed *supra*, the court similarly found that a third-party contractor, considered part of the Company Group by the terms of the MSC, is entitled to benefit from the principal's payment of the *Marcel* premium "on behalf of itself and the Company Group." 2019 WL 2330429 *8.[5] The *Durr* court was guided in its finding by the twin policy goals of the LOIA and *Marcel*, to "prevent the shifting of the economic burden of insurance coverage to the indemnitor" and "commend the acquisition of insurance" respectively. *Id.* The same policy goals persuade the Court that an application of the *Marcel* Exception in the present case is appropriate.

It is undisputed that the increased costs of providing insurance coverage to Fieldwood's Company Group, including Shamrock, were borne by Fieldwood, not Linear. Thus, the economic cost of another entity's negligence is not being unfairly foisted on Linear, and the purpose of the LOIA is not being defeated. La.Rev.Stat. 9:2780 (The LOIA was enacted to halt the "inequity foisted on certain contractors and their employees by the defense and indemnity provision contained in some agreements pertaining to wells for oil, gas or water"); *see also Marcel*, 11. F.3d at 569. If the indemnitor is not paying any increased costs because of the contractual provisions, there is no inequity being foisted upon them. Furthermore, allowing Fieldwood to obtain insurance for its entire company group advances the policy aim of encouraging insurance coverage. *Patterson*, 670 F. Supp. 184.

---

[5] As discussed in Part II, supra, the Durr court found the third-party contractor constituted an invitee under the terms of the Linear MSC by utilizing the Blanks definition of invitee.

Defendants cite several Fifth Circuit and district court cases that are simply inapposite, as not one addresses the *Marcel* Exception. Defendants have, however, provided support in the form of *Jefferson v. International Marine, LLC*, a Louisiana First Circuit Court of Appeals decision. 224 So. 3d. 50 (La. App. 1 Cir. July 2017). For brevity's sake, it suffices to say that the factual backdrop in *Jefferson* was virtually identical to the present case. In both instances, the MSC at issue merely permitted the principal to pay the *Marcel* premium for its Company Group, it did not require it. *Id.* at 55; *see also* (Rec. Doc. 61-3).

Unlike the principal in the present case, however, the principal in *Jefferson* decided not to pay the *Marcel* premium, and the third-party contractor sued the principal for breach of contract for failure to pay the premium. *Id.* Thus, although the factual backdrop of the cases is similar, the posture of the suit in *Jefferson* is substantially different.

The bulk of the *Jefferson* court's analysis focuses on whether, according to the language of the contract, the principal had an obligation or an option to pay the *Marcel* premium. After eventually holding that the principal had only an option to pay and thereby denying the third-party contractors claim, the *Jefferson* court stated, in a one sentence piece of *dictum*, that " [f]urthermore, the *Marcel* Exception does not extend to third party beneficiaries, such as International, who do not pay for coverage under the indemnitor's policy." *Id.*

The Court is not persuaded that such a cursory piece of *dictum* by a single Louisiana appellate court constitutes guidance that should bear heavily on the

14

Court's decision. *See Boyett*, 741 F.3d. 604. Because the *Jefferson* court based its holding on other grounds, its comments on the *Marcel* Exception were "not essential to the decision and therefore not binding." *In re Queyroze*, No. 14-2715 2017 WL 6623885 (E.D. La. Dec. 2017) (citing *Judicial Dictum*, BLACK'S LAW DICTIONARY (10th ed. 2014)). Furthermore, the *Jefferson* opinion did not contain the requisite "careful consideration" for its statement on the *Marcel* Exception to be persuasive *dictum*. *See Autobahn Imports, L.P. v. Jaguar Land Rover North America, L.L.C.* 896 F.3d 340 (5th. Cir. 2018). There was no discussion of the policy underlying the *Marcel* Exception or a citation to treatises or other cases discussing the applicability of the *Marcel* Exception to third-parties. Although mindful of its duty to give persuasive weight to state court appellate interpretations of state law, the Court does not find the *dictum* in question constitutes such.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Third-Party Plaintiffs Shamrock Energy Solutions, LLC's *Motion for Summary Judgment* (Rec. Doc. 61) is **GRANTED.**

New Orleans, Louisiana this 7th day of October, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE